

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 15, 1950

Hon. T. S. Painter, President
The University of Texas
Austin, Texas

Opinion No. V-1119

Re: Authority of the
Comptroller of Pub-
lic Accounts to is-
sue a duplicate
warrant without get-
ting a bond from the
payee when the orig-
inal warrant never
reached the payee.

Dear Dr. Painter:

       Your request for an opinion reflects that The University of Texas purchased from an out of State company certain printing and press equipment in the total sum of $14,222.72. Based on a proper invoice, this purchase was vouchered for payment on February 16, 1950, and thereafter, on February 23, 1950, the State Comptroller of Public Accounts issued State Warrant No. 532026, drawn on the State Treasury, in the sum of $14,-222.72, payable to the company in question. The warrant was delivered to the office of the Auditor of The University of Texas on February 28, 1950, and the Auditor's records reflect that the warrant was mailed to the company on March 1, 1950.

       Subsequently the University was notified by the company that it had not received payment of its account. It was then developed that the warrant had been misplaced or lost in some unknown manner.

       The company has demanded that a duplicate warrant be issued. The University has advised the company that a duplicate warrant can only be issued by the State Comptroller in accordance with the requirements of Article 4365, Revised Civil Statutes, 1925, which, among other things, requires the filing of a bond by the true owner of the original warrant in double the amount of the claim. The company, upon advice of its counsel, has refused to file the bond on the ground that it never received the warrant and that the statute only

applies to original warrants which have been actually delivered and received by the payee.  Thus it is contended that the lost warrant is not an "original warrant," but if so, the State is the "true owner."

Based upon the above facts you have asked whether the Comptroller can legally issue a duplicate warrant to the company in question without a compliance on its part with the requirements of Article 4365.

Article 4365, V.C.S., provides in part:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, . . . is authorized to issue a duplicate warrant in lieu of the original warrant . . .; but no such duplicate warrant . . . shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates . . . or the amount of money named therein, together with all costs that may accrue against the State on collecting the same. . . ."

The purpose of this statute is clear.  It is to authorize the drawing of a second or duplicate warrant in those cases where the first or original State warrant legally drawn was subsequently lost or destroyed.

Article 4365 prescribes the conditions and requirements under which the State Comptroller may execute a duplicate warrant "in lieu of," to take the place of, the original warrant.  His authority to draw a duplicate State warrant is fixed and limited by the terms of that statute.  Att'y Gen. Ops. 0-385 (1939), 0-2002 (1940), 0-2151 (1940).  It expressly provides in mandatory language that "no such duplicate warrant . . . shall issue until the applicant" by his affidavit to the Comptroller

states (1) "that he is the true owner of the instrument,"
(2) "that the same is in fact lost or destroyed." It re-
quires that the applicant "shall also file . . . his bond
in double the amount of the claim" in conformance with
that law. No discretionary authority is vested in the
State Comptroller, expressly or by implication, to dis-
pense with the bond required of the applicant-affiant
thereunder. True, the applicant may or may not have had
part in the loss or destruction of the original warrant.
However, the importance to the State of having its public
moneys protected outweighs the infrequent inconveniences
caused the individual. Att'y Gen. Op. O-3617 (1941). In
any such event, the Legislature has not seen fit to bur-
den the State Comptroller with the onerous duty to de-
termine in whom the fault for the loss or destruction
lies. The law is beneficial to both the lawful owner and
the State.

"Original warrant" as used in Article 4365, we
think, means the first warrant issued by the State Comp-
troller pursuant to a proper and particular claim present-
ed by a competent authority. Further, the phrase "true
owner of such instrument" in that law refers to the payee
designated on the original warrant or any other person,
firm or corporation who can show he is the present true
owner by virtue of an assignment thereof or otherwise.
Att'y Gen. Op. O-2489 (1940).

Article 4365 was first enacted in 1910. H.B.
13, Acts 31st Leg., 3rd C.S. 1910, ch. 17, p. 37. More
recently, in 1943, House Bill 247, Acts 48th Leg., 1943,
ch. 298, p. 441 (Art. 7065b-13, V.C.S.) was passed. This
law among other matters authorizes the State Comptroller
to draw warrants for motor fuel tax refunds to certain
claimants. Section (g) of Article 7065b-13, supra, pro-
vides in part:

". . . If the claimant has lost or loses, or
for any reason failed or fails to receive war-
rant after warrant was or has been issued by
the Comptroller, and upon satisfactory proof of
such, the Comptroller may issue claimant dupli-
cate warrant as provided for in Article 4365,
Revised Civil Statutes of Texas of 1925." (Em-
phasis added.)

This latter legislative expression on the is-
suance of duplicate warrants for motor fuel tax refunds

Hon. T. S. Painter, page 4 (V-1119)

coincides with our construction of Article 4365 considered herein.

Under the submitted facts, it is our opinion that the State Comptroller cannot legally issue a duplicate warrant to the company in question in payment of the above account without a compliance by this concern with the requirements of Article 4365. Att'y Gen. Op. 0-2305 (1940).

SUMMARY

The State Comptroller of Public Accounts may issue a duplicate warrant in lieu of an original warrant lost or destroyed only in accordance with the mandatory requirements of Article 4365, V.C.S. Art. 7065b-13, Sec. (g), V.C.S.; Att'y Gen. Ops. 0-385 (1939), 0-2002 (1940), 0-2151 (1940), 0-2305 (1940).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

CEO:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
            Assistant